David R. Paoli
PAOLI LAW FIRM, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332(Fax)
DavidPaoli@paoli-law.com

Sean Hinchey
Hinchey & Hinchey, P.C.
705 South Main Street
Kalispell, MT   59901
(406) 756-7004
(406) 756-7024 (Fax)
s.hinchey@hincheyandhinchey.com
   *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA MISSOULA DIVISION

| | |
|---|---|
| **MICHAEL POSTON AND JOANNA POSTON, INDIVIDUALLY AND AS GUARDIAN OF MICHAEL POSTON,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>**VELOX TRANSPORT SOLUTIONS, LLC, JULIO SANTOS, CES HOSPITALITY, ALMO DISTRIBUTING AND DOES 1-5**<br><br>　　　　　　　　　　Defendants. | Cause No.: _____<br><br>Judge: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiffs, Michael Poston, and Joanna Poston, individually and as guardian of Michael Poston, by and through counsel of record, Paoli Law Firm, P.C., and Hinchey & Hinchey P.C., and for their Complaint against the Defendants, Velox Transport Solutions, L.L.C., Julio Santos, CES Hospitality and Almo Distributing allege as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiffs Michael Poston and Joanna Poston, Individually and on behalf of Michael Poston, are and were at all times relevant herein citizens of the State of Montana.

2. Defendants are citizens of a state other than Montana.

3. Defendant Velox Transport Solutions, L.L.C., is and was at all times relevant herein, incorporated in Florida with its principal place of business in Florida.

4. Based on information and belief, Defendant Julio Santos at all times relevant herein maintained a residence in Florida and possessed a driver's license from Florida.

5. Based on information and belief, Defendant CES Hospitality is and was at all times relevant herein, incorporated in Missouri with its principal place of business in Missouri.

6. Based on information and belief, Defendant Almo Distributing is and was at all times relevant herein, incorporated in Pennsylvania with its principal place of business in Pennsylvania.

7. The amount in controversy far exceeds $75,000.00, exclusive of interest and costs and, accordingly, Plaintiffs invoke diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

8. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in the Missoula Division of the District of Montana because all the events giving rise to these claims occurred within this division.   Further, all filings regarding the Guardianship of Michael Poston occurred within this division.

9. On or about January 21, 2022 at approximately 7:15 a.m., Michael Poston was driving his Mazda pickup truck, heading northeast on Montana Highway 2, in Flathead County, Montana.

10. On the same date and time, Defendant Julio Santos was driving a semi tractor-trailer freightliner truck on behalf of Velox Transport Solutions, L.L.C. on Montana Highway 2, in Flathead County, Montana.

11. Defendant Julio Santos executed an improper "U-turn" on Highway 2, in front of Mr. Poston. His improper and dangerous maneuver was undertaken from the far eastern shoulder of the northbound lanes over to the southbound

lanes. He did this so he could change his direction on Highway 2 from Northbound to Southbound.

12. Defendant Julio Santos' improper U-turn resulted in him turning directly in front of Michael Poston causing Mr. Poston to drive under the trailer and crashing into the Velox trailer as it was across perpendicular to both lanes of traffic. Mr. Poston's Mazda pickup truck became lodged underneath the semi freightliner tractor-trailer, causing severe and catastrophic skull fractures and brain trauma to Michael Poston, among other injuries.

13. Defendant Julio Santos then continued driving the semi freightliner tractor trailer, while Michael Poston was trapped in his pickup truck while it was drug underneath the freightliner until coming to a stop.

14. The semi-freightliner tractor trailer driven by Defendant Julio Santos was owned by Velox Transport Solutions L.L.C.

15. As a result of the collision, Michael Poston suffered severe and catastrophic skull fractures, traumatic brain injuries, and other injuries.

16. Julio Santos was an employee of Velox Transport Solutions, L.L.C., and was acting within the course and scope of employment and on behalf of Velox Transport Solutions, L.L.C., at all times relevant hereto.

17. Based on information and belief, Defendants Almo Distributing and CES

Hospitality negligently chose without proper investigation Velox Transport Solutions, L.L.C. to ship its load.

18. The Montana Highway Patrol ("MHP") investigation concluded that Mr. Poston's actions did not contribute to the cause of the crash.

19. The MHP investigation concluded that Mr. Santos failed to yield right of way, failed to signal a turn, drove carelessly and made an illegal U-turn at an intersection.

20. Julio Santos was cited for Careless driving involving death or serious bodily injury, a violation of M.C.A §61-8-302(2) and §61-8-716.

21. Defendant Santos was an employee of Velox Transport Solutions, L.L.C. and was acting within the course and scope of his employment at all relevant times.

22. Defendant's Velox Transport Solutions, L.L.C, CES Hospitality and Almo Distributing were responsible for Santos' actions under the theory of respondeat superior at all relevant times.

## COUNT I – NEGLIGENCE (ALL DEFENDANTS)

23. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

24. Defendant Julio Santos was acting on behalf of and within the scope of his

employment with Defendant Velox Transport Solutions, L.L.C, and/or Julio Santos had a duty to operate the Velox semi-freightliner tractor trailer involved in the collision on January 21, 2022, with reasonable care.

25. Defendant Julio Santos breached this duty by executing an illegal U-Turn in the middle of the highway, in snow and icy conditions, in a completely unsafe unreasonable manner, and in willful and wanton disregard for Michael Poston's health and safety.

26. Defendant Almo Distributing and CES Hospitality were negligent for failing to ensure their cargo was shipped in a safe and prudent manner. They failed to ensure the driver hired by Velox was qualified and drove in a safe manner with reasonable care. They failed to ensure that Defendant Velox had a safety program and system to hire safe drivers.

27. Defendants were negligent, individually and/or through the conduct of each other, in their careless ownership, inspection, maintenance and repair or their vehicles, trailers, and equipment.

28. This breach resulted in Michael Poston's severe and permanent injuries and therefore, significant and permanent damage to the Plaintiffs.

## COUNT II – NEGLIGENCE PER SE (ALL DEFENDANTS)

29. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

30. Defendant Julio Santos, acting on behalf of and within the scope of his employment with Defendants Velox Transport Solutions, Almo Distributing and CES Hospitality, had a duty to operate the Velox semi freightliner tractor trailer in a safe and controlled manner under Montana Code Ann. §61-8-302 and §61-8-716. These statutes were enacted for the purpose of promoting public safety, and Michael Poston was within the class of persons the statutes were designed to protect.

31. Defendant Julio Santos grossly breached this duty while acting on behalf of and within the scope of his employment with Defendant Velox Transport Solutions, L.L.C., CES Hospitality and Almo Distributing by operating the vehicle in willful and wanton disregard of Michael Poston's safety in violation of Mont. Code. Ann. §61-8-302(2).

32. Defendant Julio Santos' violations of the Montana's statutory safe driving laws constitutes negligence per se.

33. As a result of all Defendant's negligence per se, Michael Poston, and consequently, Plaintiffs sustained catastrophic and permanent injuries and

damages.

## COUNT III – NEGLIGENT HIRING TRAINING AND RETENTION (DEFENDANTS VELOX TRANSPORT SOLUTIONS, L.L.C.

34. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

35. Defendant Velox Transport Solutions, L.L.C., knew, or in the exercise of reasonable care should have known, that Defendant Julio Santos was incompetent and unfit to perform the job that he was hired to perform based on his driving record, his lack of experience and training in winter conditions, and his inability to speak, understand, or read English.

36. Defendant Velox Transport Solutions, L.L.C., had a duty of reasonable care owed to Plaintiffs to hire, train and retain competent, qualified, and safe drivers.

37. Defendant's Almo Distributing and CES Hospitality had a duty to ensure Velox Transport Solutions, L.L.C. was following all rules and regulations when hiring drivers and providing competent drivers to ship their cargo. Defendant's Almo Distributing and CES Hospitality were negligent in conducting the proper investigation into Velox Transportation Solutions, L.L.C.'s hiring practices, training practices, their background and safety records.

38. Defendant Velox Transport Solutions, L.L.C., breached its duty of reasonable care by hiring and retaining Defendant Julio Santos who was an unfit and unsafe driver.

39. Defendant Velox Transport Solutions, L.L.C. breached its duty of reasonable care by failing to train Defendant Santos properly or fully, or not at all.

40. The failure of Defendants Velox Transport Solutions, L.L.C., to exercise reasonable care caused Michael Poston's severe, catastrophic and permanent injuries and damages suffered by the Plaintiffs.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)

41. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

42. Defendant acted intentionally, recklessly, and defendants' conduct was extreme and outrageous, causing severe emotional distress to Plaintiffs.

## COUNT V – LOSS OF CONSORTIUM (ALL DEFENDANTS)

43. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

44. The injuries and damages defendants have caused have materially affected Plaintiffs' lives and have had a debilitating effect on their marital

relationship resulting in significant loss of consortium.

45. As a direct result of Mr. Poston's injuries and the subsequent pain and suffering he has experienced resulting from his injuries, Plaintiffs have suffered severe emotional distress and loss of consortium.

### COUNT VI – PUNITIVE DAMAGES (ALL DEFENDANTS)

46. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

47. Defendants acted with actual malice against Michael Poston by consciously disregarding facts that created a high probability of injury and deliberately proceeded to act with indifference to the high probability of injury to Michael Poston, and any other persons foreseeably on the roadway.

48. Velox Transport Solutions, L.L.C., consciously and intentionally disregarded facts indicating that it employed unsafe drivers and drivers who employed unsafe driving practices in western Montana.

49. Velox Transport Solutions, L.L.C., and/or Julio Santos are liable to Plaintiffs, as they employed Julio Santos despite his poor driving record, inability to speak, read or understand English, and lack of experience and inability to navigate winter road conditions.

50. Almo Distributing and CES Hospitality consciously disregarded Plaintiffs

rights by failing to ensure Velox Transport Solutions, L.L.C. hired and trained their drivers to operate trucks in a safe and prudent manner. Almo Distributing and CES Hospitality consciously disregarded facts that created a high probability of injury to Plaintiffs in failing to conduct the proper investigation into Velox's background and safety records.

51. As a direct and proximate cause of Defendants' actual malice, Michael Poston suffered grave injuries, which resulted in catastrophic and permanent damage to Plaintiffs. Defendants are subject to an award of punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for the following damages:

  a) Compensatory damages for Michael Poston's past and future medical costs;

  b) Compensatory damages for Michael Poston's past and future wage loss;

  c) General damages for, including but not limited to, pain and suffering, loss of enjoyment of life, loss of established course of life, loss of household services, future impairment, loss of consortium, emotional distress and other damages;

d) Punitive damages; and

e) All damages and such further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

DATED this 23rd day of March, 2023.

        PAOLI LAW FIRM,. P.C.

By: /s/David R. Paoli
    David R. Paoli
    *Attorney for Plaintiffs*

        HINCHEY & HINCHEY, P.C.

By: /s/Sean D. Hinchey
    Sean D. Hinchey
    *Attorney for Plaintiffs*
    *Attorney for Plaintiffs*